UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| LEN DAVIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:25-cv-00002-JRS-MJD |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**Order Denying Motion for Preliminary Injunction and Dismissing Action**

Petitioner Len Davis was convicted of murder and sentenced to death.

On December 23, 2024, President Biden commuted the death sentences of 37 individuals on death row, including Mr. Davis, to life imprisonment without the possibility of parole. Dkt. 8-1. On December 30, Mr. Davis filed a motion for preliminary injunction seeking to block the commutation. Dkt. 1. He also requested the appointment of counsel. *Id.*

Because the motion challenged his sentence, a habeas action was opened. Dkt. 1. The Court directed the United States to appear and granted Mr. Davis's request for counsel. Dkt. 4. The motion is now fully briefed.[1] For the following reasons, Mr. Davis's motion for preliminary injunction, dkt. [1], is **denied**, and this action is **dismissed**.

---

[1] Given the nature of the claims and the imminent change of administrations, the Court provided a very brief period of time for counsel to file a response and reply. The Court appreciates counsel's thorough responses to the motion given the abbreviated briefing schedule.

1

## I. Background

### A. Mr. Davis's Criminal Case and Post-Conviction Proceedings

Mr. Davis, a former police officer, was convicted and sentenced to death under the Federal Death Penalty Act for conspiring in the civil rights violation murder of Kim Groves. His conviction on one count of the indictment and his initial sentence of death was overturned on appeal. *United States v. Causey*, 185 F.3d 407, 423 (5th Cir. 1999). Upon resentencing, Mr. Davis was again sentenced to death, and this second death sentence was affirmed on appeal. *United States v. Davis*, 609 F.3d 663 (5th Cir. 2010). A § 2255 motion was filed and ultimately denied. *United States v. Davis*, 971 F.3d 524, 527 (5th Cir. 2020). Other than the filing at issue here, Mr. Davis has no pending litigation in any court.

### B. Procedural Background of Mr. Davis's Petition

Mr. Davis's death sentence was commuted to life imprisonment by an Executive Grant of Clemency on December 23, 2024. Dkt. 8-1. Mr. Davis subsequently filed a *pro se* "Emergency Motion for Injunctive Relief From Commutation Order By American President Joseph Biden Reversing Prisoner Len Davis Death Sentence to Life in Prison and Request to Have Co-Counsel Appointed to Assist Prisoner Len Davis In this Matter" in this Court. Dkt. 1. In his petition, Mr. Davis asked the Court to appoint counsel and block the commutation of his death sentence.

Mr. Davis pleads that he "has always maintained his innocence and argued that federal court had no jurisdiction to try him for Civil Rights offenses." Dkt. 1 at 2. He alleges that having a death sentence will "draw attention to the overwhelming

misconduct" in his case. Dkt. 1 at 2-3. Mr. Davis points out that he did not request commutation, refused to sign documents presented to him about commutation, and alleges that President Biden violated the Constitution in his attempt to unilaterally impose a life sentence. Dkt. 1 at 3.

The Court granted Mr. Davis's request for counsel and issued a briefing schedule. Dkt. 4. In the Order, the Court noted that it harbored "serious doubt that it has any power to block a commutation." *Id.* at 3 (citing *Biddle v. Perovich*, 274 U.S. 480 (1927)).

The government filed its Response on January 13, arguing that the commutation order cannot be rejected by Mr. Davis and urging this Court to deny the request for a preliminary injunction.

Appointed counsel filed a reply on January 16. Dkt. 10. Citing the rules of professional conduct and her duty of candor to the Court, counsel agreed that this Court lacks any power to block President Biden's commutation. *Id.* at 1. She noted that Mr. Davis does not agree with her understanding of her ethical obligations and objected to her presenting the Court with the arguments in the reply. *Id.* at 2. Because the Court appointed counsel to present counseled briefing on Mr. Davis's request, his objection is **overruled**.

The motion is now fully briefed.

## II.    Jurisdiction

As a general rule, "28 U.S.C. § 2241 and 28 U.S.C. § 2255 provide federal prisoners with distinct forms of collateral relief. Section 2255 applies to challenges to

the validity of convictions and sentences, whereas § 2241 applies to challenges to the fact or duration of confinement." *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012). Because Mr. Davis is ostensibly challenging the duration of his confinement, the Court believes that § 2241 is an appropriate procedural vehicle and that it has jurisdiction to resolve the pending motion for preliminary injunction. Regardless, the relief he seeks is due to be denied.

### III.   Preliminary Injunction Standard

"A preliminary injunction is an extraordinary equitable remedy that is available only when the movant shows clear need." *Turnell v. Centimark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015). To obtain a preliminary injunction a movant first must show that: "(1) without this relief, [he] will suffer irreparable harm; (2) traditional legal remedies would be inadequate; and (3) [he] has some likelihood of prevailing on the merits of [his] claims." *Speech First, Inc. v. Killen*, 968 F.3d 628, 637 (7th Cir. 2020). If the movant meets these threshold requirements, "the court then must weigh the harm the denial of the preliminary injunction would cause the [movant] against the harm to the [respondent] if the court were to grant it." *Id.* "[A] preliminary injunction is an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it." *Orr v. Shicker*, 953 F.3d 490, 501 (7th Cir. 2020) (cleaned up).

If the movant establishes those threshold requirements, the Court must "balance the equities, weighing the harm to the moving party if the requested injunction is denied against the harm to the nonmoving party and the public—

including third parties—if it is granted." *Finch v. Treto*, 82 F.4th 572, 578 (7th Cir. 2023).

## IV. Discussion

Mr. Davis's motion for injunctive relief must be denied because he has no likelihood of success on the merits of his argument that he has the ability to reject the commutation.

Article II, Section 2 of the United States Constitution provides, "The President …shall have Power to grant Reprieves and Pardons for Offences against the United States, except in Cases of Impeachment." In *Biddle v. Perovich*, 274 U.S. 480 (1927), the Supreme Court concluded that an inmate does not need to consent to the commutation of his sentence. It reasoned:

> A pardon in our days is not a private act of grace from an individual happening to possess power. It is a part of the Constitutional scheme. When granted it is the determination of the ultimate authority that the public welfare will be better served by inflicting less than what the judgment fixed. Just as the original punishment would be imposed without regard to the prisoner's consent and in the teeth of his will, whether he liked it or not, the public welfare, not his consent determines what shall be done.

*Id.* at 486 (cleaned up).

Thus, so long as the President does not *increase* a sentence, his commutation decision is unreviewable by a Court. As the Supreme Court noted, "[b]y common understanding imprisonment for life is a less penalty than death." *Id.* at 487. *See also Schick v. Reed*, 419 U.S. 256, 266 (1974) ("The plain purpose of the broad power conferred by s 2, cl. 1, was to allow plenary authority in the President to 'forgive' the convicted person in part or entirely, to reduce a penalty in terms of a specified number

of years, or to alter it with conditions which are in themselves constitutionally unobjectionable."); *Connecticut Bd. of Pardons v. Dumschat*, 452 U.S. 458, 464 (1981) ("[P]ardon and commutation decisions have not traditionally been the business of courts; as such, they are rarely, if ever, appropriate subjects for judicial review."); *Bowens v. Quinn*, 561 F.3d 671, 676 (7th Cir. 2009) ("Executive clemency is a classic example of unreviewable executive discretion because it is one of the traditional royal prerogatives … borrowed by republican governments for bestowal on the head of government.").

If the moving party cannot show a likelihood of success on the merits, the Court "need not address the other prerequisites to obtain a preliminary injunction." *Anderson v. Jeanpierre*, No. 23-1807, 2024 WL 1478029, at *3 (7th Cir. Apr. 5, 2024). Because President Biden's decision to commute Mr. Davis's sentence to life imprisonment did not require Mr. Davis's consent, *Biddle*, 274 U.S. at 486, the Court need not address the other prerequisites. The motion for preliminary injunction, dkt. [1], is **denied**. As this was the only relief sought in this petition and that relief is outside the scope of judicial review, this action is **dismissed with prejudice**.

## V. Conclusion

The Constitution provides the President with plenary authority to commute a convicted person's sentence from death to life imprisonment. The Supreme Court decided nearly one hundred years ago that an inmate need not consent to a commutation, and that decision remains good law. Accordingly, the motion for preliminary injunction, dkt. [1], is **denied**, and this action is **dismissed with**

6

**prejudice**. Additionally, **the clerk is directed** to terminate Mr. Davis's duplicate motion for preliminary injunction at dkt. [5].

    Final judgment shall now issue.

    **SO ORDERED.**

Date: 1/17/2025

                              JAMES R. SWEENEY II, JUDGE
                              United States District Court
                              Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Len Davis
BOP Reg. No. 24325-034
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808