UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| LEN DAVIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:25-cv-00002-JRS-MJD |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## Order

Petitioner Len Davis was convicted of murder and sentenced to death. President Joseph Biden commuted his sentence to life, and Mr. Davis challenged that commutation by filing a motion for preliminary injunction. The Court denied his motion for preliminary injunction and closed the case on January 17, 2025. Mr. Davis has filed two post-judgment motions, which, given their timing, the Court construes as motions to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure.

## I.      Legal Standard

The purpose of a motion to alter or amend judgment under Rule 59(e) is to have the Court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney*, 489 U.S. 169, 174 (1988). To receive relief under Rule 59(e), the moving party "must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Edgewood Manor Apartment Homes, LLC v. RSUI Indem. Co.*, 733 F.3d

761, 770 (7th Cir. 2013). A "manifest error" means "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). Relief through a Rule 59(e) motion for reconsideration is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008).

## II.    Background

On December 23, 2024, President Biden commuted the death sentences of 37 individuals on death row, including Mr. Davis, to life imprisonment without the possibility of parole. Dkt. 8-1. On December 30, Mr. Davis filed a motion for preliminary injunction seeking to block the commutation and requested counsel. Dkt. 1.

The Court opened a habeas action and appointed counsel. Dkt. 4. On January 17, 2025, the Court denied Mr. Davis's request for relief and directed the entry of final judgment on the basis that the Court has no authority to review a commutation so long as it does not increase an individual's sentence. Dkt. 11 at 5-6 (citing *Biddle v. Perovich*, 274 U.S. 480 (1927), *Schick v. Reed*, 419 U.S. 256 (1974), *Connecticut Bd. of Pardons v. Dumschat*, 452 U.S. 458, 464 (1981), and *Bowens v. Quinn*, 561 F.3d 671, 676 (7th Cir. 2009)).

Shortly after the Court issued its Order and Final Judgment, Mr. Davis filed the two pending motions.

### III.    Discussion

On January 23, Mr. Davis filed a "Pro se petitioners request to court to accept his additional briefing due to lack of advocacy from co-counsel and numerous ethical violations, some contained in co-counsel's brief" and a "Pro se petitioners request for court to rule on the merits of five claims listed in his pro se response." Dkts. 14, 15.

In the first motion, Mr. Davis accuses his appointed counsel of committing ethical violations by submitting a brief that did not advocate for his position, ostensibly because she is a "staunch" opponent of the death penalty. Dkt. 14 at 2.

In appointed counsel's brief reply, she acknowledged that Mr. Davis did not agree with the arguments presented in the brief. Dkt. 10 at 1-2. She further acknowledged, however, that she has a duty of candor to the tribunal to explain why Mr. Davis' position was erroneous in light of established Supreme Court precedent. *Id.* (citing Indiana and Kentucky's rules of professional conduct and *Anders v. California*, 386 U.S. 738 (1967)). The Court agrees. Attorneys cannot, pursuant to their duty of candor to the Court, present arguments that they know lack merit. And more importantly, Mr. Davis provides no argument as to why recruited counsel's briefing was legally erroneous. It was not. Mr. Davis is not entitled to relief based on his disagreement with counsel. This motion, dkt. [14], is **denied**.

Mr. Davis's motion to consider the arguments in his pro se petition, dkt. [15], is likewise **denied** because he provided no new or different legal authority that would demonstrate that the Court made a manifest error of law or fact.

For the above reasons, Mr. Davis's motions, dkts. [14] and [15], construed as motions for relief from judgment, are **denied**. This matter remains closed.

**IT IS SO ORDERED.**

Date: 4/4/2025

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Len Davis
BOP No. 24325-034
USP Terre Haute
U.S. PENITENTIARY
P.O. BOX 33
TERRE HAUTE, IN   47808